IN THE CIRCUIT COURT
FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

THE OAKS UNIT III CONDOMINIUM
ASSOCIATION, INC.,

    Plaintiff,

v.

ALLSTATE INSURANCE COMPANY,

    Defendant.
_____/

Case No.: 09- 09 31580
Division: DIVISION F

RECEIVED
DEC 18 2009
CLERK OF CIRCUIT COURT
HILLSBOROUGH COUNTY, FL

## COMPLAINT

The Oaks Unit III Condominium Association, Inc. ("Plaintiff") sues Allstate Insurance Company ("Defendant") and states:

### COUNT 1
### BREACH OF CONTRACT

1. This is an action for breach of contract damages that exceed $15,000.

2. On or about December 1, 1989, Defendant issued its first property and casualty policy in favor of its insured, the Plaintiff.

3. Defendant subsequently and annually issued sixteen additional property and casualty policies in favor of Plaintiff, with the last policy expiring on December 1, 2006.

4. Despite the issuance of seventeen separate policies, Plaintiff has only 13 policies in its possession, custody, and control, attached in chronological order as **Exhibits A-M**. Plaintiff does not have possession, custody, or control of the 1991/1992, 1993/1994, 1994/1995, and 1995/1996 policies.

5. Each policy is an all risk policy which also provides collapse coverage for hidden insect damage and hidden decay.

6. On June 15, 2009, the Defendant denied coverage citing certain exclusions, attached as **Exhibit N**.

7. Plaintiff's loss occurred gradually and progressively within the 17 year period of coverage provided by each of the policies.

8. Defendant has breached each of the 17 insuring agreements by failing to pay the claim.

9. As a result in Defendant's breaches of the 17 agreements, Plaintiff has suffered damages.

10. Plaintiff has retained Cardillo Law Firm to prosecute this action.

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

a) Compensatory damages including:

   i) expended repair costs;

   ii) projected and estimated repair costs;

   iii) relocation expenses incurred during repairs, including temporary housing and storage of household personalty.

b) pre-judgment interest;

c) attorneys' fees under Fla. Stat. §627.428;

d) post-judgment interest;

e) a jury trial on all issues so triable; and

f) for such other relief as this Court deems just and proper.

## COUNT 2
## BAD FAITH

11. This is an action under Florida Statutes §624.155(1)(b) for damages that exceed $15,000.

12. Plaintiff realleges paragraphs 1 through 11.

13. Under all of these circumstances, described above, and summarized below, Defendant failed to attempt in good faith to settle Plaintiff's claims when it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for their interests:

    a) failure to recognize coverage under the Allstate Insurance Company policy;

    b) the failure to fully investigate Plaintiff's claim;

    c) the failure to properly respond to and communicate with Plaintiff.

14. All of the acts described above, which violate Florida Statutes §624.155(b)1., occur with such frequency as to indicate a general business practice, and these acts are willful, wanton, malicious, and/or in reckless disregard for the rights of the insureds, entitling Plaintiff to an award of punitive damages under Florida Statutes §§624.155(5).

15. Further, Plaintiff is entitled to an award of reasonable attorneys fees and costs under Florida Statutes §624.155(4), and has retained undersigned counsel Cardillo Law Firm to prosecute this action.

16. On September 10, 2009, Plaintiff served the civil remedies notice attached at **Exhibit O** was served on the Florida Department of Financial Services, per the acknowledgement provided by that agency.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory damages, attorney's fees and costs pursuant to Florida Statutes §624.155(4), punitive damages

pursuant to Florida Statutes §§624.155(5), and such further relief as this Court deems just and proper. Plaintiff demands a jury trial on all issues so triable.

### COUNT 3
### UNFAIR CLAIM SETTLEMENT PRACTICES

17. This is an action under Florida Statute §624.155(1)(a)1. for damages that exceed $15,000.

18. Plaintiffs reallege paragraphs 1 through 11.

19. Defendant has violated Florida Statutes §624.155(1)(a)1. by committing numerous unfair claims settlement practices under Florida Statutes §626.9541(1)(i).

20. Further, Defendant violated Florida Statutes §626.9541(1)(i)3.a. by failing to adopt and implement standards for the proper investigation of collapse claims with such frequency as to indicate a general business practice.

21. Defendant violated Florida Statutes §626.9541(1)(i)3.b. by misrepresenting pertinent facts and insurance policy provisions relating to the coverage at issue, and further, by attempting to invoke an endorsement which was never delivered, all acts occurring with such frequency as to indicate a general business practice.

22. Defendant violated Florida Statutes §626.9541(1)(i)3.c. by failing to properly acknowledge and act properly upon Plaintiffs' communications and demands with regard to the proper scope of payment, occurring with such frequency as to indicate a general business practice.

23. Defendant violated Florida Statutes §626.9541(1)(i)3.d. by limiting the claim without conducting a reasonable investigation based upon the available information, which occurs with such frequency as to indicate general business practice.

4

24. Defendant violated Florida Statutes §626.9541(1)(i)3.f. by failing to reasonably explain in writing the full scope of collapse coverage, but instead invoking inapplicable exclusions, occurring with such frequency as to indicate a general business practice.

25. Defendant violated Florida Statutes §626.9541(1)(i)3.g. by failing to properly notify the Plaintiffs of any additional information necessary for the processing of the claim, which occurs with such frequency as to indicate a general business practice with regard to termite collapse claims.

26. Defendant violated Florida Statutes §626.9541(1)(i)3.h. by failing to clearly explain the nature of the requested information and the reason why such information was necessary, occurring with such frequency as to indicate a general business practice.

27. All of the acts described above, which violate Florida Statutes §624.155(b)1., occur with such frequency as to indicate a general business practice, and these acts are willful, wanton, malicious, and/or in reckless disregard for the rights of the insureds, entitling Plaintiffs to an award of punitive damages under Florida Statutes §§624.155(5).

28. Further, Plaintiffs are entitled to an award of reasonable attorneys' fees and costs under Florida Statutes §624.155(4), and have retained undersigned counsel Cardillo Law Firm to prosecute this action.

29. On September 10, 2009, the statutory civil remedies notice attached as **Exhibit O** was served on the Florida Department of Financial Services, per the acknowledgement provided by that agency.

WHEREFORE, Plaintiffs demand judgment against Defendant for compensatory damages, attorney's fees and costs pursuant to Florida Statutes §624.155(4), punitive damages

pursuant to Florida Statutes §§624.155(5), and such further relief as this Court deems just and proper. Plaintiffs demand a jury trial on all issues so triable.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues so triable.

Peter M. Cardillo
Florida Bar No. 350052
CARDILLO LAW FIRM
2707 W. Azeele Street, Suite 100
Tampa, FL 33609
Telephone: (813) 801-9050
Facsimile: (813) 831-7747
Attorney for Plaintiff